PER CURIAM.                              *Venire de novo.*

J. M. BROWER *v.* SAMUEL M. HUGHES and others.

Under the plea of the General issue, in an action of debt upon bond, evidence of the *illegality* of the consideration is inadmissible.

Evidence *by a party*, that when a bond was executed and placed in the hands of an agent, for negotiation, it was in blank as to the name of the obligee, and that the agent had no proper authority for filling such blank, is not,—such obligee being dead at the time of the examination, evidence of *a transaction*, &c., with a deceased person, &c., within the terms of the C. C. P. § 343, excluding evidence *by parties*, in regard to such transactions, &c.

(*Isenhour* v. *Isenhour*, *ante*, 640, approved.)

DEBT upon bond, tried before *Cloud, J.*, at Spring Term 1870 of SURRY Court.

The plaintiff declared upon a plain bond for money, payable "in silver or its equivalent" at one day after date, and dated July 2, 1864. The defendants pleaded: General issue, and Payment and set-off.

The name of the obligee was *J. W. Brower*, who had died before the time of the examination of the witnesses, having previously endorsed the bond to the plaintiff.

Upon the trial, the defendant Samuel was offered as a witness to prove that, when the instrument sued upon was delivered to one W. A. Moore as agent, for negotiation, it was *in blank* as to the name of obligee, and that W. A. Moore subsequently, in the absence and without the knowledge of, or any authority from, a portion of the defendants, filled the blank with the name of said J. W. Brower; also, that the object of the bond was to borrow money with which to buy a horse for one of the defendants as a soldier in the Confederate army.

The Court excluded the testimony, and the defendants excepted.

Verdict for the plaintiff; Judgment accordingly; Appeal by the defendants.

*Bragg,* and *Phillips & Merrimon,* for the appellants.
*Clement, contra.*

RODMAN, J.   In this case there is no plea that the consideration of the contract was illegal, neither is there any proof that the plaintiff knew of the illegal purpose to which the money loaned by him, was to be applied.   That defence, therefore, fails.

The question of evidence is the same decided in *Isenhour* v. *Isenhour, ante,* 640.  The excluded witness was competent.

There was error in the proceedings below.

PER CURIAM.                              *Venire de novo.*